UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| L. MILLER,<br><br>    Plaintiff,<br><br> v.<br><br>COSTCO WHOLESALE CORPORATION D/B/A COSTCO WHOLESALE #1486,<br><br>    Defendant. | Case No. 6:22-cv-3262<br><br>REMOVED FROM THE CIRCUIT COURT OF GREENE COUNTY, CASE NO. 2231-CC00908 |

### DEFENDANT COSTCO WHOLESALE CORPORATION'S
### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant COSTCO WHOLESALE CORPORATION ("Costco" or "Defendant") hereby removes to this Court the following case: *Lance Miller v. Costco Wholesale Corporation*, Case No. 2231-CC00908, from the Circuit Court of Greene County, Missouri. As set forth below, the Court has diversity jurisdiction and Defendant has satisfied the procedural requirements for removal.

**I. BACKGROUND**

1. On August 30, 2022, Plaintiff Lance Miller ("Plaintiff") filed his Petition in the Circuit Court of Greene County, Missouri, which issued a summons on August 31, 2022. A copy of the Summons and Petition is attached hereto as Exhibit A.

2. The Summons and Petition were served on Costco on September 16, 2022. A copy of the Return of Service is attached as Exhibit B.

3. Plaintiff's Petition asserts causes of action against Costco for alleged age discrimination in violation of the Missouri Human Rights Act ("MHRA") (Count I) and alleged disability discrimination in violation of the MHRA (Count II).

4. Plaintiff's Petition seeks backpay and fringe benefits, compensatory damages, punitive damages, liquidated damages, and attorneys' fees and costs in the Petition. (*See* Petition, Exhibit A, ¶ 36).

## II. THE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

5. Pursuant to 28 U.S.C. 1332, the "district courts shall have original jurisdiction of all civil actions where" two elements are satisfied: (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (B) the action "is between [] citizens of different states." Here, both of these elements are met.

### A. The Amount in Controversy Exceeds $75,000

6. Plaintiff's Petition states that the amount in controversy is in excess of $25,000, however, the amount in controversy reasonably exceeds $75,000, exclusive of interest and costs.

7. In determining whether the jurisdictional amount in controversy has been met, the question is <u>not</u> whether the damages are, in fact, greater than $75,000, but "whether a fact finder might legally conclude that" the damages are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2003); *see also Jarrett v. Henkel Corp.*, No.4:15-cv-0832-DGK, 2016 WL 407301, at *1 (W.D. Mo. Feb. 2, 2016) (holding that the relevant question is whether Plaintiff's claims "*<u>could</u>*" or "*<u>might</u>*" "legally satisfy the amount in controversy requirement") (emphasis added)).

8. When calculating the amount in controversy, compensatory damages, punitive damages, and attorney's fees are all to be included. *See White v. United Parcel Service*, No. 4:11CV00707, 2012 WL 760936, at *2 (E.D. Mo. Mar. 8, 2012) (citing *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)); *see also Zunamon v. Brown*, 418 F.2d 883, 886 n.5 (8th Cir. 1969).

9. Here, Plaintiff seeks compensatory damages for emotional distress, punitive damages, and attorneys' fees. *See* Petition, Exhibit A, p. ¶ 36(e)-(g). Because Costco employs more than 500 employees, the relevant cap on compensatory and punitive damages is $500,000. Mo Rev. Stat. § 213.111.4(2)(d). Plaintiff also seeks back pay and fringe benefits up to the date of reinstatement, *see* Petition, Exhibit A, p. ¶ 36(c)-(d)), and the Pharmacy Manager position referenced in Plaintiff's Petition has an annual salary of $170,498. *See* Declaration of Michael Gorski, attached hereto as Exhibit C. Moreover, while Costco denies that Plaintiff is entitled to any recovery at all, Plaintiff's claim for attorney's fees alone would exceed $75,000. *See* Exhibit D (judgment in MHRA case handled by plaintiff's counsel which included $308,308.75 in attorney's fees in addition to $44,871.16 in actual damages and $87,583.00 in punitive damages).

10. In view of the claims for back pay, compensatory damages, punitive damages, and attorney's fees sought in the Petition, Plaintiff clearly is seeking more than $75,000 in this case and, accordingly, the amount in controversy requirement is met. *See, e.g., Highfill v. Great Life Kansas City, LLC,* No. 19-00481-CV-W-GAF, 2019 WL 13204215, at *2-3 (W.D. Mo. Oct. 10, 2019); *Spight v. Caterpillar, Inc.*, No. 16-00340-CV-W-ODS, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016); *see also Harris v. Meridian Medical Technologies, Inc.,* No. 4:21-CV-00229 JCH, 2021 WL 1750154, at *1-2 (E.D. Mo. May 4, 2021) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); and *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)).

**B.   There is Complete Diversity Between Plaintiff and Costco**

11. Plaintiff is an individual. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Curry v. Maxson*, 318 F. Supp. 842, 844 (W.D. Mo. 1970) (citizenship and domicile are synonymous in this context).

12. As alleged in the Petition, Plaintiff was at the time of filing (and upon information and belief still is) domiciled in Kansas City, Missouri and is, therefore, a citizen of the State of Missouri for diversity-jurisdiction purposes. (*See* Ex. A, at ¶ 6.)

13. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50.

14. Costco is a corporation created under the laws of the State of Washington and its principal place of business is in Issaquah, Washington. Gorski Declaration (Exhibit C), ¶ 3; *see also* Exhibit E (Missouri Secretary of State record showing Costco's state of incorporation and principal place of business). Accordingly, Costco is a citizen of the State of Washington for removal purposes.

15. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Washington, it is not a citizen of the same state as Plaintiff, and complete diversity exists between the parties.

### III. COSTCO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

16. This Notice of Removal is timely in that it is filed within 30 days from the date Defendant received a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Strisnging, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").

17. In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Costco to date is attached as Exhibit A.

18. Costco will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Greene County and serve a copy on counsel for Plaintiff.

## IV. CONCLUSION

19. For the foregoing reasons, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and the procedural requirements of 28 U.S.C. § 1446 are satisfied.

20. Thus, Costco hereby gives notice of the removal of this case to this Court and asks that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law.

**DATED: October 11, 2022**              Respectfully submitted,

COSTCO WHOLESALE CORPORATION


By    */s/ Larry M. Schumaker*
         One of Its Attorneys


Larry M. Schumaker (Mo. #31975)
lms@schumakercenter.com
SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.
800 E. 101st Terrace, Suite 350
Kansas City, Missouri 64131
Telephone:  816.941.9994
Facsimile:  816.871.2350

Gerald Pauling (*pro hac vice application to be submitted*)
gpauling@seyfarth.com
Saman Haque (*pro hac vice application to be submitted*)
shaque@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  312.460.5000
Facsimile:  312.460.7000

ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CMECF system and, further, sent the foregoing and referenced exhibits via email to the following:

    Kevin Baldwin (Kevin@bvalaw.net)
    Eric Vernon (Eric@bvalaw.net)
    Sylvia Hernandez (Sylvia@bvalaw.net)
    Robin Koogler (Robin@bvalaw.net)
    BALDWIN & VERNON
    108 S Pleasant St.
    Independence, MO 64050
    ATTORNEYS FOR PLAINTIFF

By   */s/ Larry M. Schumaker*
      Attorney for Defendant