# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| L. MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-cv-03262-RK ) |
| COSTCO WHOLESALE CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Costco Wholesale Corporation's motion to dismiss Plaintiff L. Miller's age-discrimination claim brought under the Missouri Human Rights Act ("MHRA"), § 213.010 *et seq.*, RSMo. (Doc. 11.) The motion is fully briefed. (Docs. 12, 14, 15.) Defendant argues Plaintiff failed to exhaust administrative remedies as to his age-discrimination claim and therefore it is entitled to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court agrees. After careful consideration and for the reasons explained below, the Court **ORDERS** as follows:

(1) Defendant's motion to dismiss Count I for failure to exhaust administrative remedies is **GRANTED**, and Count I is **DISMISSED without prejudice**; and

(2) Defendant's request for an extension of time to file an answer as to Count II is **GRANTED**. Defendant's answer to Count II is due within fourteen (14) days of the date of this Order.

### I. Background[1]

On or about June 12, 2021, Plaintiff applied for a pharmacy manager position at Costco Wholesale Corp. d/b/a Costco Wholesale #1486, in Springfield, Missouri. Plaintiff was 57 years old. Two days later, Plaintiff was contacted by Michael Gorski to discuss his background and experience, and to schedule an interview. On or about July 29, 2021, Plaintiff was interviewed for the position in person by Mr. Gorski. The interview lasted for about 45 minutes. At the time of

---

[1] The facts recited above are taken from Plaintiff's complaint. For purposes of considering Defendant's motion to dismiss, the Court assumes the facts pleaded in Plaintiff's complaint are true. *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010).

the interview Plaintiff was using a knee scooter due to the amputation of his lower leg. Approximately two days after the interview, Plaintiff was notified by email that he would not be offered the position.

Plaintiff alleges Defendant discriminated against him by not hiring him for the pharmacy manager position due to his age and disability. Plaintiff alleges he received a right-to-sue letter from the Missouri Commission on Human Rights ("MCHR") on August 12, 2022.[2] Plaintiff filed a two-count employment-discrimination complaint against Defendant in the Circuit Court of Greene County, Missouri, on August 30, 2022. (*See* Doc. 1-2.) Plaintiff asserts claims under the MHRA for age discrimination (Count I) and disability discrimination (Count II). (*Id.*)

## II. Legal Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole*, 599 F.3d at 861 (quotation marks and citation omitted).

In considering a motion to dismiss the Court is generally limited to the face of the pleadings; the Court may also consider materials attached to or necessarily embraced by the complaint or matters of public record. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002) (court could properly consider EEOC charge as part of the public record in considering a motion to dismiss); *J.B. v. Maximus Fed. Serv., Inc.*, No. 4:22-cv-00554-RK, 2022 WL 16951667, at *1 n.3 (W.D. Mo. Nov. 15, 2022); *Brown v. Gen. Motors, LLC*, No. 4:20-CV-1760 RLW, 2022 WL 343415, at *1 n.1 (E.D. Mo. Feb. 3, 2022); *Frey v. Fed. Reserve Bank of St. Louis*, No. 4:15-CV-737 (CEJ), 2015 WL 4526963, at *2 (E.D. Mo. July 27, 2015). Therefore, the Court can properly consider Plaintiff's MCHR charge of discrimination (as attached to Defendant's motion to dismiss (Doc. 12-1)). Plaintiff raises no objection.

---

[2] Plaintiff states in the complaint: "The Right-To-Sue Letter, including a copy of Plaintiff's original charges field with the Equal Employment Opportunity Commission and the MCHR, is attached hereto as exhibit 1 and the facts and circumstances stated therein are hereby incorporated as if fully set forth herein." (Doc. 1-2 at 5, ¶ 3.) As filed in state court, however, Plaintiff only attached the right-to-sue letter and did not include the initial discrimination charge. (*See id.* at 11-12.)

2

### III. Discussion

#### A. Whether Plaintiff exhausted administrative remedies as to MHRA age-discrimination claim in Count I

"To initiate a claim under the MHRA a party must timely file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (citations omitted). In filing a charge of discrimination with the MCHR, the charge must "set[] forth the particulars of the unlawful discriminatory practice." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 853 (8th Cir. 2012) (cleaned up). As Missouri courts have explained, "'administrative remedies are deemed exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge.'" *Id.* at 853-54 (quoting *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009)); *accord Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 594 (Mo. banc 2013) (favorably citing *Alhalabi*'s like-or-reasonably-related standard for exhaustion of MHRA claims). While the exhaustion requirement ensures a claimant "give[s] notice of all claims of discrimination" against a defendant, the Missouri Supreme Court has also recognized that charges of discrimination must be liberally interpreted to advance the remedial purposes of the MHRA, including to prohibit unlawful employment practices. *Farrow*, 407 S.W.3d at 594. Under Missouri law, then, "the scope of [a] civil suit [under the MHRA] may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Id.* (citation and quotation marks omitted).

In his charge of discrimination, Plaintiff checked the boxes for "disability" discrimination and "Other" discrimination (specified as "Failure to Hire"); in the narrative section, he mentioned only that at the time of the June 2021 interview, he was "on a knee scooter due to the amputation of my lower leg," and that "[i]t is my contention that Costco Wholesale failed to hire me on the basis of my disability." (Doc. 12-1 at 1.) Plaintiff argues that the charge sufficiently exhausts his claim for age discrimination under the MHRA because the charge includes his date of birth and "Plaintiff's disability is reasonably related to his age," such that "a full administrative investigation could reasonably include a related charge for age discrimination." (Doc. 14 at 3.) Plaintiff argues his age-discrimination claim is reasonably related to his disability-discrimination claim in the charge of discrimination because "people are more likely to have disabilities as they age." (*Id.* at 4.)

3

In *Clark v. YRC Freight*, No. 4:14-cv-00668-FJG, 2016 WL 918047 (W.D. Mo. Mar. 8, 2016), the district court granted summary judgment to the defendant as to a plaintiff's age discrimination claim under the MHRA finding plaintiff failed to exhaust such claim. There, the district court reasoned that the only reference to the plaintiff's age in the charge was "a data box" containing the plaintiff's date of birth and noted that plaintiff did not otherwise check the "age" box or "refer to his age in the body of the charge." *Id.* at *9. The district court concluded that "plaintiff Clark's age discrimination claim is not reasonably related to his allegations of disability discrimination, race discrimination, or retaliation," and therefore he failed to exhaust administrative remedies for that claim. *Id.* (citation omitted).

Plaintiff emphasizes the liberal standard to be applied to charges of discrimination in determining whether a particular claim has been exhausted and relies on the Missouri Court of Appeals' decision in *Alhalabi*. To be sure, in *Alhalabi*, the Missouri Court of Appeals found that while the plaintiff's charge of discrimination "does not set forth a claim for a hostile work environment," such claim was nonetheless deemed exhausted to the extent "it is likely that the scope of the administrative investigation . . . would include an investigation of whether Alhalibi was employed in a hostile work environment." 300 S.W.3d at 526. In that case, however, the charge of discrimination was not based on a particular discrete act of discrimination, but rather "pervasive racially discriminatory conduct." *Id.* Here, in contrast, Plaintiff's claim of discrimination is based on a singular discriminatory act – i.e., the decision not to hire Plaintiff for the pharmacy manager position – rather than a broader claim for pervasive racially discriminatory conduct, for example. *See Gill v. City of St. Peters*, 641 S.W.3d 733, 740 (2022) (recognizing as "[e]xamples of discrete acts . . . termination, failure to promote, denial of transfer, or refusal to hire" as opposed to continuing violations such as "a hostile work environment, which involves repeated conduct by its very nature") (citations and quotation marks omitted).

Plaintiff did not indicate in the charge of discrimination that he believed his age was a factor in the decision not to hire him. As a matter of law, the Court finds that even with a liberal construction, the investigation following his charge of discrimination could not reasonably be expected to extend into potential grounds for discrimination based on his age where the charge only otherwise indicated disability discrimination. *See Johnson v. Special Sch. Dist. of St. Louis Cty.*, No. 4:18CV53JCH, 2018 WL 2163647, at *2-3 (E.D. Mo. May 10, 2018); *Laws v. Norfolk S. Corp.*, No. 4:15-CV-924-CEJ, 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015) (age, color,

4

and sex discrimination claims under Title VII, the ADEA, and the MHRA not exhausted where the charge of discrimination only stated claim of race discrimination); *Gates v. City of Lebanon*, 585 F. Supp. 2d 1096, 1099-1100 (W.D. Mo. Oct. 22, 2008). Therefore, the Court finds Plaintiff failed to exhaust his claim under the MHRA for age discrimination as asserted in Count I.

### B. Whether to extend deadline to answer Count II

In its motion to dismiss, Defendant requests an extension of 14 days in which to file an answer after the Court rules on the motion to dismiss. (Doc. 11 at 1.) In support, Defendant cites Rule 12(a)(4), altering the deadlines as to a responsive pleading when a Rule 12 motion is served. Plaintiff did not address this issue in his response.

Rule 12(a)(4) provides the following:

> Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A) If the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
>
> (B) If the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Defendant's Rule 12(b)(6) motion challenged only Count I (MHRA age-discrimination claim) and left unchallenged Count II (MHRA disability-discrimination claim). In other words, Defendant's motion to dismiss was only a partial motion to dismiss. Although it does not appear that the Eighth Circuit has addressed Rule 12(a)(4)'s application in the context of a partial motion to dismiss, the majority rule across the federal courts that have addressed the issue appears to be that Rule 12(a)(4)'s timing provision applies where a defendant files a *partial* motion to dismiss. *See B.H.T. v. Sumner Cty. Bd. of Educ.*, No. 3:20-cv-0732, 2020 WL 12630642, at * (M.D. Tenn. Dec. 30, 2020) (citing 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1346 (3d ed. 2020); other citations omitted); *Talbot v. Sentinel Ins. Co., Ltd.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 638-40 (N.D. Iowa 2006) (recognizing and adopting the majority rule that a partial motion to dismiss under Rule 12(b) "extend[s] the time to answer as to all claims, even those not challenged," rejecting what would otherwise be a piecemeal or "dual-track" litigation splitting the claims in a single lawsuit).

Whether under Rule 12(a)(4) or construed as a request for extension of time under Rule 6(b)(1)(A) (federal courts may extend a deadline for good cause if the request is made before the

5

original time expires), Defendant's request for an extension of time to file an answer or responsive pleading as to Count II (MHRA disability discrimination claim) is **GRANTED**.

## IV. Conclusion

Therefore, after careful consideration and for the reasons explained above, the Court **ORDERS** as follows:

(1) Defendant's motion to dismiss Count I for failure to exhaust administrative remedies is **GRANTED**, and Count I is **DISMISSED without prejudice**; and

(2) Defendant's request for an extension of time to file an answer as to Count II is **GRANTED**. Defendant's answer to Count II is due within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: December 27, 2022