IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| L. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-cv-03262-RK |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Costco Wholesale Corporation's motion for summary judgment. (Doc. 49.) The motion is fully briefed. (Docs. 50, 54, 58.) After careful consideration and for the reasons explained below, the Court **ORDERS** that Defendant's motion for summary judgment is (1) **GRANTED** as to Plaintiff's claim for disability discrimination, and (2) **DENIED as moot** as to a claim for retaliation because no such claim was asserted in the complaint.

### I. Background[1]

Plaintiff L. Miller began his career in the pharmaceutical industry in 1995. Since 2006 when he initially became a licensed pharmacist, Plaintiff has gained experience as both a pharmacy manager (eight years' experience) and a pharmacy area manager (five years' experience). Plaintiff holds a pharmacist license issued by the state of Missouri. Plaintiff is also an amputee, having had one of his legs amputated.

On May 18, 2021, Plaintiff applied for a pharmacy manager position at Costco Wholesale Corporation d/b/a Costco Wholesale # 1486 ("Costco") in Springfield, Missouri (Doc. 1-2 at ¶¶ 7, 11). Costco's pharmacy department operates six days a week. The pharmacy manager is responsible for managing the pharmacy's daily operations, filling prescriptions, overseeing and developing pharmacy employees, and growing the pharmacy business. For management positions such as the pharmacy manager, Costco looks for applicants with leadership and management skills,

---

[1] Except where otherwise noted, the following background is taken from the parties' statements of uncontroverted material facts. The Court has omitted properly controverted facts, asserted facts that are immaterial to the resolution of the pending motion, asserted facts that are not properly supported by admissible evidence, and legal conclusions and argument presented as an assertion of fact.

with an emphasis on the applicant's ability to grow the business, take care of customers, and develop the professional skills of department employees.

Costco received nine external applications for the pharmacy manager position, including Plaintiff. Michael Gorski, Costco Midwest Regional Pharmacy Supervisor and hiring manager for the pharmacy manager position, reviewed all nine applications, looking for the minimum objective qualifications—i.e., that the applicant had a degree in pharmacy and was licensed by the state of Missouri as a pharmacist. All nine applicants, including Plaintiff, satisfied these minimum qualifications and were contacted for an in-person interview.

Beginning on or about June 14, 2021 (*id.* at ¶ 12), Plaintiff spoke with Mr. Gorski twice by telephone about the pharmacy manager position. Plaintiff testified at his deposition that the two telephone calls with Mr. Gorski—including a long one and a short one—were both friendly and lighthearted. Mr. Gorski indicated in the telephone calls that Plaintiff was qualified for the position—as he held both a pharmacy degree and a Missouri pharmacist license—and set up an in-person interview.

As the hiring manager, Mr. Gorski was responsible for reviewing applications, conducting initial interviews of eligible applicants, and then making a hiring recommendation to the store's General Manager, Angela Bauer, who was the final hiring decisionmaker for the position.[2]

Plaintiff was interviewed by Mr. Gorski in-person on June 29, 2021. Plaintiff testified at his deposition that when Mr. Gorski initially came out to meet him, Mr. Gorski gave "maybe a look of surprise."[3] Mr. Gorski did not mention anything about Plaintiff's amputated leg in the interview, however, and did not ask any questions about Plaintiff needing any accommodation; Mr. Gorski was aware that Plaintiff was in a knee scooter temporarily because of his amputated leg.

Mr. Gorski utilized a set of standardized questions in conducting the interviews, although not every question was asked of all of the applicants. At his deposition, Mr. Gorski identified several concerns that arose with Plaintiff's answers to questions Mr. Gorski asked at the in-person interview. In particular, the areas of concern included the role of a pharmacy manager in the accountability and development of employees, with Plaintiff's interview leaving Mr. Gorski with

---

[2] The pharmacy manager would report directly to Ms. Bauer.
[3] Plaintiff never met Ms. Bauer, and she would not have seen him when he was interviewed in person by Mr. Gorski.

2

the impression that Plaintiff was more concerned with keeping employees happy rather than other considerations, as well as Plaintiff's reason for leaving his then-current position as wanting more hours, leaving Mr. Gorski with the impression that Plaintiff was more concerned with making more money rather than professional development. In addition, Mr. Gorski also testified that he was concerned with Plaintiff's self-reported experience filling one thousand prescriptions per week with five pharmacists, when the Costco store filled six hundred prescriptions per week with one pharmacist. Mr. Gorski did not ask Plaintiff if he could handle the higher volume or the volume of prescriptions he had handled in a previous job. Plaintiff's in-person interview was not as lighthearted as the prior phone conversations he had had with Mr. Gorski.

After interviewing the nine applicants, Mr. Gorski presented to Ms. Bauer another applicant (rather than Plaintiff) as the best candidate for the pharmacy manager position. Mr. Gorski testified at his deposition that he recommended the other applicant based on her interview answers. In particular, Mr. Gorski testified that her interview answers had emphasized her leadership skills and ability to hold people accountable, demonstrated an upward trend in professional development having started as an intern and moved up to staff pharmacist and then pharmacy manager, and that she expressed an interest in growing the store's pharmacy department and gave examples of how to do so. The recommended applicant was not an amputee and did not use a knee scooter, and she had only been a pharmacist since 2018 and a pharmacy manager for one year. Ms. Bauer offered the recommended applicant the position after interviewing her. Plaintiff later received an email stating that he was not selected for the pharmacy manager position.

Plaintiff filed this action under the Missouri Human Rights Act ("MHRA"), § 213.010, *et seq.*, alleging, *inter alia*, a claim of disability discrimination for failure to hire him for the pharmacy manager position.[4] (*See* Doc. 1-2.) Plaintiff seeks declaratory and injunctive relief, back salary and fringe benefits, actual and punitive damages, and costs and attorney fees. (*Id.* at 9.)

## II. Legal Standard

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted). A fact is material in this context when it "might affect the outcome of the suit under the governing law,"

---

[4] The Court previously dismissed Plaintiff's other claim for age discrimination for failure to exhaust administrative remedies. (Doc. 21.)

and a genuine dispute is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A moving party is 'entitled to judgment as a matter of law' if the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof." *Woodsmith Pub. Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (other citation omitted). In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Id.* (quotation marks and citation omitted). Accordingly, summary judgment should be denied when the non-movant produces "enough evidence that a reasonable jury could return a verdict for the non-moving party." *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (citation and quotation marks omitted).

At the summary judgment stage, the movant must "support" its motion either by "citing to particular parts of materials in the record" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325; *see* Fed. R. Civ. P. 56(c)(1). In resisting summary judgment, the nonmoving party may not rest on the allegations in its pleadings, but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Rule 56(c); *see also Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment). An "adverse party may not rely merely on allegations or denials, but must set out specific facts—by affidavits or other evidence—showing [a] genuine issue for trial." *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(e)). In so doing, the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

### III. Discussion
#### A. Retaliation Claim

Defendant first seeks summary judgment to the extent Plaintiff asserted a retaliation claim under the MHRA. In his summary judgment response, Plaintiff states that the complaint only asserted claims under the MHRA for age and disability discrimination, not for retaliation. (Doc. 54 at 26.) A careful review of the complaint reveals that Plaintiff asserts two counts based on

Defendant's decision not to hire him for the pharmacy manager position – age discrimination (Count 1) and disability discrimination (Count 2). The complaint does not otherwise allege any facts supporting a claim for retaliation. Based on Plaintiff's summary judgment response, Defendant's motion for summary judgment as to a retaliation claim is **DENIED as moot** because no such claim was asserted in the complaint.

### B. Disability Discrimination Claim

The MHRA prohibits employers from not hiring an individual "because of" an individual's disability. Mo. Rev. Stat. § 213.055.1(1)(a). Missouri law defines "because of" in this context to mean that "the protected criterion [(here, an individual's disability)] was the motivating factor" in the hiring decision. Mo. Rev. Stat. § 213.010(2). An individual's disability is "the motivating factor" in an employer's hiring decision when the disability "actually played a role in the . . . [hiring] decision and had a determinative influence on the . . . [decision not to hire]." § 213.010(19).

Here, Defendant concedes that Plaintiff is disabled and that Defendant did not hire him for the pharmacy manager position. (Doc. 50.) The only issue on summary judgment, then, is whether Plaintiff's disability was the motivating factor in the decision not to hire him as a pharmacy manager.

The Eighth Circuit has held and the parties agree that, like federal discrimination claims, a disability discrimination claim under the MHRA which is based on indirect (rather than direct) proof of discrimination should be analyzed under the familiar *McDonnell Douglas* burden-shifting framework. *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.*, 444 F.3d 961, 964 (8th Cir. 2006).

> Under *McDonnell Douglas*, the plaintiff initially has the burden to establish a prima facie case of discrimination. A prima facie case creates a rebuttable presumption of discrimination. The burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for its decision. If the defendant provides such a reason, the presumption disappears, and the burden shifts back to the plaintiff to show that the proffered reason was pretext for discrimination.

*Lake v. Yellow Transp., Co.*, 596 F.3d 871, 873-74 (8th Cir. 2010) (citations and quotation marks omitted). In considering a state-law claim of discrimination under the MHRA, federal courts primarily apply Missouri law but may also look to federal employment discrimination law to the extent it is "consistent with Missouri law." *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1019 (8th Cir. 2019) (citation and quotation marks omitted); *see Daugherty v. City of Maryland Heights*, 231

5

S.W.3d 814, 818 (Mo. banc 2007) (state courts look to consistent federal law); *Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 252 n.4 (Mo. Ct. App. 2012) (same).

The Court presumes, without deciding, that Plaintiff has established a prima facie case of disability discrimination. And Plaintiff does not dispute that Defendant has proffered a non-discriminatory reason for its decision not to hire Plaintiff—that is, that the chosen applicant was the better qualified applicant based on her answers to the interview questions. To survive summary judgment under the *McDonnell Douglas* framework, then, Plaintiff must produce evidence raising the inference that this non-discriminatory reason is merely a pretext for discrimination. *See Elam v. Regions Fin. Corp.*, 601 F.3d 873, 880 (8th Cir. 2010) (the burden rests on the plaintiff "to show a genuine issue for trial about whether the employer acted based on an intent to discriminate," i.e., to show pretext).

The Eighth Circuit has explained that a discrimination plaintiff may satisfy his burden to show pretext by producing evidence that the "proffered reason[s] ha[ve] no basis in fact or [that] a prohibited reason is more likely." *Farver*, 931 F.3d at 812 (citation and quotation marks omitted).

Here, Plaintiff emphasizes his years of experience as both a pharmacist and a pharmacy manager compared to the chosen applicant's relatively few years of experience as either (or both). In the Eighth Circuit, a plaintiff may support a reasonable finding of pretext by showing that the chosen applicant was *less* qualified than the plaintiff. *See Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 916 (8th Cir. 2007) (noting that "[e]vidence of similar qualifications between [a plaintiff] and the selected candidate[] is insufficient to support a finding of pretext") (citation omitted). At the same time, the Eighth Circuit recognizes that "it is the employer's role to identify those strengths that constitute the best qualified applicant," and that federal courts should not (and do not) "sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers." *Kincaid v. City of Omaha*, 378 F.3d 799, 805 (8th Cir. 2004) (cleaned up). Rather, the proper role for a federal court is limited to considering whether an employer's business judgment decision "involve[d] intentional discrimination." *Id.* (citation and quotation marks omitted); *see Lidge-Myrtil v. Deere & Co.*, 49 F.3d 1308, 1312 (8th Cir. 1995) (the relevant inquiry "is whether [the employer]'s decision was based on [a protected classification]").

A minimum number of years of experience was not an objective requirement for the pharmacy manager position to which Plaintiff applied and for which he was interviewed. The only objective requirements for the position—both of which Plaintiff and the chosen applicant satisfied—were (1) the applicant had obtained a pharmacy degree, and (2) the applicant was licensed as a pharmacist by the state of Missouri. Other than simply having more years of experience, Plaintiff has not pointed to any evidence supporting a reasonable inference of an "overall objective disparity" in his qualifications vis-à-vis the qualifications of the chosen applicant. *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 858 (8th Cir. 2003).

In making hiring decisions, employers are entitled to "compare the applicants' performance during the interviews." *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 988 (8th Cir. 2011) (citing *Pierce v. Marsh*, 859 F.2d 601, 603 (8th Cir. 1988)). To advance past summary judgment under *McDonnell Douglas* and to show pretext, a plaintiff should present some evidence to "cast doubt on the justifications offered by the employer." Plaintiff has not done so here.

According to Mr. Gorski, the chosen applicant stood out in the interview for the following reasons: her career had a trend of growth, having started as a pharmacy intern and rising to a pharmacy manager by the time of her application; she demonstrated an ability to promote accountability, including with upper management; she demonstrated leadership skills, including specifically to motivate employees to achieve their own professional growth; and she was knowledgeable about Costco's over-the-counter business and provided examples of how to grow that business. In contrast, according to Mr. Gorski, Plaintiff's interview had a different tenor, leaving the impression that he was less concerned with professional growth of the employees he would oversee as well as his own professional growth, indicating that he would be more concerned with keeping the employees happy and that he sought this position because he wanted more hours to work or more pay.[5]

---

[5] Nor does Plaintiff argue or offer any evidence that these were *not* Mr. Gorski's honestly held impressions following the interviews. *See Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 794 (8th Cir. 2011) (discrimination plaintiff failed to show pretext based on interviewer's impression from the interview where plaintiff "offer[ed] no evidence that this was not [the interviewer]'s impression following the interview"); *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1082-83 (8th Cir. 2010) (affirming summary judgment in favor of defendant-employer because plaintiff failed to establish pretext where plaintiff did not show that the employer's stated reason for plaintiff's termination—as set out in deposition testimony—was "not honest").

Even when viewed in the light most favorable to Plaintiff, the record shows that Plaintiff and the applicant who was hired were both qualified for the pharmacy manager position. But no reasonable jury could conclude that the chosen applicant was *less* qualified than Plaintiff. *See Kincaid*, 378 F.3d at 805-06. Plaintiff offers no evidence that he was objectively more qualified (or that the chosen applicant was objectively less qualified) other than years of experience. That the chosen applicant had five years of experience alone does not satisfy Plaintiff's obligation to demonstrate pretext. *Chambers*, 351 F.3d at 858 (affirming summary judgment in favor of employer because where plaintiff and the chosen candidate were otherwise comparatively qualified as an objective matter and plaintiff relied only on having more years of experience to show pretext). In short, as the non-moving party, Plaintiff has failed to oppose Defendant's summary judgment motion by pointing to evidence in the summary judgment record raising a genuine issue of material fact as to whether the non-discriminatory reason for Defendant's hiring decision was merely a pretext for discrimination based on his disability as an amputee.

## IV. Conclusion

Therefore, the Court **ORDERS** that Defendant's motion for summary judgment (Doc. 49) is (1) **GRANTED** as to Plaintiff's claim for disability discrimination, and (2) **DENIED as moot** as to a claim for retaliation because no such claim was asserted in the complaint.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 14, 2023